IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BREAZAY HOLMES            :    CIVIL ACTION
                              :
     v.                     :
                              :
THE COUNTY OF MONTGOMERY   :
                              :    NO. 11-6376

MEMORANDUM

McLaughlin, J.                              December 19, 2012

       This case arises out of the employment of Breazey Holmes with the County of Montgomery (the "County"). In January of 2010, Ms. Holmes was suspended for one day without pay and placed on a ninety day performance improvement plan. The plaintiff alleges that she was discriminated against on the basis of her race and age and brought claims under Title VII, 42 U.S.C. §1981, the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act.

       The defendant County now moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Court will grant the defendant's motion.

I.    Summary Judgment Record

       The facts presented here are undisputed unless otherwise noted. The Court notes that the plaintiff did not take any depositions in discovery and so the facts in the record come from the sworn statements and documents submitted as exhibits in

the defendant's motion, which included the plaintiff's deposition. Disputed facts are read in a light most favorable to the plaintiff, the nonmoving party. See Sheridan v. NGK Metals Corp., 609 F.3d 239, 251 n.12 (3d Cir. 2010).

Plaintiff Breazay Holmes is an African American woman who was hired by Montgomery County as a data entry clerk in 1978. Def. Ex. A, ¶¶ 17-18. Since 1989, the plaintiff has worked in the Board of Assessments Department. Def. Ex. A, ¶ 19. The plaintiff was born on March 16, 1959. Def. Ex. B., pg. 5.

On January 15, 2010, the plaintiff was working at the Board of Assessments Department. The Board of Assessment's Office Manager, Roseanne Weathers, and the supervisor of the Board of Assessment's Registry, the plaintiff's immediate supervisor Linda Grayauskie, were not working that day. Def. Ex. H., pg. 4; Def. Ex. B, pg. 29.

On that day, Nancy Becker, Montgomery County's Recorder of Deeds, went to the Board of Assessments and found the plaintiff at the Registry's front desk, speaking on the phone. Def. Ex. C, Becker Statement.

Becker handed a document to the Plaintiff, who processed the paperwork while on the phone. Def. Ex. B, 29-32. The plaintiff was on the phone for a personal call during this encounter with Ms. Becker. Def. Ex. B, page 20-21.

On January 21, 2010, Becker had a meeting with Roseanne

2

Weathers and Linda Grayauskie. At that meeting, Becker described how she had been served by the plaintiff while the plaintiff remained on the phone and that 18 documents had to be returned to the Registry throughout the day on January 15, 2010, because of missing labels. Def. Ex. C, Becker, Weathers, and Grayauskie Statements.

Ms. Weathers decided to suspend Ms. Holmes for one day without pay and to place her on a 90 day performance improvement plan. Ms. Weathers, Ms. Grayauskie, and the plaintiff met on January 21, 2010, to inform the plaintiff of this decision. The plaintiff signed a form acknowledging the meeting and decision. Def. Ex. C, Weathers, Grayauskie Statements; Def. Ex. D., Memorandum on Holmes Performance Meeting.

On February 1, 2010, the plaintiff filed a charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a dismissal and notice of rights to the plaintiff on July 12, 2011. Def. Ex. E. The plaintiff then filed a complaint in this Court in October of 2011.

## II. Analysis[1]

---

[1] A party is entitled to summary judgment if there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, which may be

3

A. <u>Title VII Race Discrimination</u>

In order to establish a prima facie case under Title VII, the plaintiff must establish (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was disciplined under circumstances that give rise to an inference of unlawful discrimination. See <u>Sherrod v. Philadelphia Gas Works</u>, 57 Fed. App'x. 68, 73 (3d Cir. 1999).

If the plaintiff presents evidence establishing a prima facie case, the employer has the burden to articulate a legitimate, nondiscriminatory reason for the action. See <u>Simpson v. Kay Jewelers</u>, 143 F.3d 639, 644 (3d Cir. 1998). The plaintiff then has the burden to show that the legitimate reasons offered by the employer were not the true reasons, but rather pretext for unlawful discrimination. See <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

Here, the parties do not dispute that the first three prongs of the prima facie case are met, but there is no evidence

---

satisfied by demonstrating the party who bears the burden of proof lacks evidence to support his case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law and "genuine" if a reasonable jury could find for the nonmoving party based on the evidence presented on the issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). In making its determination, the court must consider the evidence in a light most favorable to the nonmoving party. See <u>Sheridan</u> 609 F.3d 251 n.12.

4

from which a reasonable jury could infer that the adverse employment action was taken against the plaintiff due to unlawful discrimination.  The plaintiff relies on her subjective view that she suffered discrimination as well as her own testimony that Ms. Becker treated her unfavorably compared to her co-workers, who are not African American.  Def. Ex. B, pgs. 40-42.  The plaintiff also asserted that Ms. Becker treated other African American employees poorly.  Def. Ex. B, pgs. 43-44.  Those allegations, however, are not supported by any other evidence in the record outside of the plaintiff's own testimony.

Even assuming that those allegations were sufficient to make out a prima facie case, the defendant has offered non-discriminatory justifications for suspending the plaintiff for one day and placing her on the performance improvement plan so the plaintiff has the burden to show that those rationales were pretextual.

The decision to discipline the plaintiff was made by Roseanne Weathers, based on the report from Susan Becker that on January 15, 2010, the plaintiff was on a personal phone call while assisting Ms. Becker and that 18 documents were not properly labeled that day.

To establish a pretext, "the plaintiff must point to some evidence, direct or circumstantial, from which a fact-finder could reasonably (1) disbelieve the employer's articulated

reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d. Cir. 1994).

The evidence that the plaintiff urges the Court to consider to establish the pretext is that in her deposition, the plaintiff testified that months after the meeting on January 21, 2010, Linda Grayauskie met with the plaintiff, began crying, and explained to the plaintiff that she lied about the plaintiff's job performance because she was instructed to do so by Roseanne Weathers and that she complied because she was afraid of losing her job. Def. Ex. B, page 46-48.

There are two problems with the plaintiff's reliance on that evidence. First, the Court again notes that no deposition for Ms. Grayauskie was taken so the plaintiff's story about Ms. Grayauskie cannot be accepted for the truth of the matter asserted because it is hearsay that does not fall within an exception. The party opponent exception to the hearsay rule does not apply because the sole defendant is the County and there is no evidence in the record or even allegations that Ms. Grayauskie had policymaking authority for the County.

Second, Ms. Grayauskie was not present at work on the day the plaintiff had the encounter with Ms. Becker that led to the plaintiff's suspension and therefore it is not clear what

6

relevant facts she could have lied about.

Accordingly, the Court holds that the defendant's proffered reasons were not pretextual and therefore the Title VII race discrimination claim fails as a matter of law.

B.  42 U.S.C. §1981 Claim

To make out a claim for racial discrimination in violation of 42 U.S.C. §1981, the plaintiff must establish that: (1) she belongs to a racial minority; (2) there was an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in §1981 occurred, including the right to make and enforce contracts.  See Schultz v. Wilson, 304 Fed. App'x. 116, 119 (3d. Cir. 2008).

Here, the Court holds that no reasonable jury could find that the defendant acted with an intent to discriminate on the basis of race for the reasons discussed above.

In addition, the plaintiff has produced no employment contract with the defendant because the plaintiff was an at-will employee, a status that a municipality cannot contract away as a matter of law.  See Bolduc v. Board of Supervisors, 152 Pa. Cmwlth. 248 (1992).

Accordingly, the plaintiff's interference with contract claim also fails because it is not supported by any contract or attempt to contract.

7

C. <u>Age Discrimination Claim</u>

The Age Discrimination in Employment Act ("ADEA") states in relevant part: "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

To establish a violation of the ADEA, the plaintiff must prove that their age had a "determinative influence on the outcome. To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was a 'but-for' cause of the employer's adverse decision." <u>Gross v. FBL Fin. Services, Inc.</u>, 557 U.S. 167, 176 (2009).

Here, the only bit of evidence that plaintiff offers regarding age discrimination is her own deposition in which the plaintiff states that when she received her ceremonial pin for her 30th anniversary at the County, Nancy Becker was present and said she did not realize the plaintiff had worked at the County for so long, that the plaintiff would be eligible for retirement soon, and inquired when the plaintiff might retire. Def. Ex. B. pg. 51.

The Court concludes that no reasonable jury could find that age discrimination was a but for cause of the adverse

employment action taken against the plaintiff.  Ms. Becker's comments on their face do not reveal any motive to discriminate on the basis of age.

Moreover, Ms. Weathers, not Ms. Becker, was the person who made the decision to discipline the plaintiff and there is no suggestion that the plaintiff's age was a but for cause of Ms. Weather's decision.  Indeed, as noted above, the defendant offered legitimate, non-pretextual reasons for suspending the plaintiff and placing her on the performance improvement plan.

D.   PHRA Claim

The plaintiff's complaint also brings a cause of action under the Pennsylvania Human Relations Act.  Generally, "the PHRA is applied in accordance with Title VII."  See Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552 (3d. Cir. 1996).  Here, the Court concludes that the reasoning that led to granting summary judgment in favor of the defendant with respect to the Title VII claim also applies to the PHRA claim.  Accordingly, the Court holds the plaintiff's PHRA claim fails as a matter of law.

III. Conclusion

For the foregoing reasons, the defendant's motion is granted and judgment is entered in favor of the County of Montgomery.

An appropriate order follows.